UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE:


SHERRY L. PINSON                                    CASE NO. 09-70828


DEBTOR                                              CHAPTER 13


The Hon. Judge William S. Howard

---

**MOTION FOR EXTENSION OF TIME
TO FILE ADVERSARY COMPLAINT REGARDING
DISCHARGEABILITY AND TO DETERMINE**

---

Comes now Thacker Auto Parts, by and through counsel, and herein files this motion requesting an Order of the Court allowing said creditor/party-in-interest an extension of time in which to file an adversary complaint in the above captioned Chapter 13.

An adversary under 11 U.S.C. 523 and governed by Fed.R.Bkp. 4007 must be filed, or a motion to extent time must be filed within 60 days of the first set date for the debtor's 341 Hearing.  The first day set for the debtor's 341 Hearing was set on November 20, 2009 that Hearing was continued upon Motion by the Debtor.  The second schedule 341 Hearing was mistakenly noticed for the Corbin docket.  A second motion to continue 341 was filed by the

Debtor and granted by the Court on January 21, 2010, the date for this 341 Hearing has yet to be scheduled.

However, the creditor/party-in-interest, Thacker Auto Parts ("Thacker"), believes the debtor's Chapter 13 case has been filed in bad faith, has failed to reveal assets, ownership interest of her non-filing spouse in real property held jointly or in which he has current dower interest, failed to provide recorded copies of all real property in which the debtor and non-filing spouse hold a present interest, improperly listed a corporate officer of Thacker as holding a current mortgage against real property and failure to list all creditors. In addition, Thacker states the debtor failed to reveal on her petition her current position as surety on a supersedeas bond supported by the real property listed on the petition as well as other various tracts of real property not listed by the debtor on the petition in which she and or her non-filing spouse Steve Pinson have a present interest.

The debtor failed to provide vital information on the Schedules filed with the Court regarding the status of pending litigation, failed to provide vital detailed information regarding settlement terms of litigation involving Family Bank prior to the filing of the petition, failed to provide information regarding the Pike Circuit Court action by Thacker other than noting that a Judgment had been obtained, but failed to reveal all of the real property interest upon which Thacker currently holds by way of timely filed Les Pendens as well as the surety bond. Thacker's adversary will seek a Declaratory Judgment of this Court regarding the status of the real property supporting the bond, the falsification of information upon which the debtor sought to obtain relief from this Court and the debtor's attempt to use this Court and the bankruptcy procedure to improperly discharge a claim or shelter by way of exemption the real property

currently subject to a supersedeas bond property held by Thacker from a Master Commissioner's Sale for Judgment rendered in favor of Thacker for ) for willful and malicious injury by the debtor's spouse to property belonging to Thacker.

The purpose of a supersedeas bond "is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Grubb v. Federal Deposit Ins. Corp.*, 833 F.2d 222 C.A.10 (Okl.),1987.  Exonerating these bonds would undermine the rationale for requiring a bond pending appeal, which is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir.1979); *J. Perez & Cia., Inc. v. United States*, 578 F.Supp. 1318, 1320 (D.P.R.), aff'd, 747 F.2d 813 (1st Cir.1984); see also 7 *227 *J. Moore & J. Lucas, Moore's Federal Practice* ¶ 62.06, at 62-33 to -34 (2d ed. 1985). Allowing exoneration of Thacker's bonds or permitting such exoneration by way of granting any attempt to *exempt* the surety's interest in real property would defeat the very purpose for which supersedeas bonds were and are provided.

The Movant states that attendance by this creditor/party-in-interest at the 341 Hearing and the subsequent scheduling of a 2004 exam of the Debtor would be beneficial as well as the Court allowing the Movant 45 days after the next scheduled 341 Hearing within which to file an adversary proceeding.  Movant states that they have tried diligently to find counsel to represent in this Court on this matter and was only able to retain undersigned counsel on January 31, 2010. The issues in this matter are complicated and it was not due to any lethargy on behalf of the Movant to obtain representation.

The Movant, Thacker, would therefore ask the Court to allow 45 days after the conclusion of the 341 Hearing to file an adversary pursuant to §523 and such other Declaratory or compensatory claims the Movant may have against this debtor.

Respectfully submitted by:

/s/ Carole M. Friend
Carole M. Friend
Friend & Associates, PSC
PO Box 1488
Georgetown KY 40324
Phone: 502.542.2398
Fax: 502.614.4973
KY Bar #23628
COUNSEL FOR THACKER AUTO PARTS

## NOTICE

The parties will take Notice that a Hearing on the above Motion will take place in the Pikeville Division of the US Bankruptcy Court for the Eastern District of Kentucky located in Pikeville KY in the 608 BB & T Bank Bldg., 164 Main St., Pikeville KY 41501, the Hon. Judge William Howard presiding on March 9, 2010 at the hour of 11:10 AM or such time thereafter as the Court may hear the matter.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Notice of Appearance and Demand for Service of Papers was electronically transmitted on or about 1ST day of February 2010 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list:

By CM/ECF:

Hon. Daryle M Ronning

P.O. Box 1455
Pikeville, KY 41502
Counsel for the Debtor

Beverly M. Burden, Trustee

US Trustee

/s/ Carole M. Friend
Carole M. Friend